## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

JACQUELINE REDMOND,               )
putative administrator of the          )
Estate of Leon Scott, deceased; and    )
JENNIFER THOMAS, as next          )
friend for AT, a minor;                )
                                       )
    Plaintiffs,                      )       CIVIL ACTION FILE
                                       )
v.                                     )       No.
                                       )
ANTHONY DUPREE, individually;     )
CHRISTIAN MAKALIN TURNER,         )
individually; GARY LONG,              )
individually; JOSEPH SHAWN           )
SOUTHERLAND, individually;          )
TERRY L. SMITH, individually;        )
and SGT. (FNU) FRANCIS,              )
individually;                          )
                                       )
    Defendants.                      )

## COMPLAINT

Plaintiffs, by and through counsel, file their Complaint against Defendants alleging as follows:

### Introduction

1. Plaintiffs bring this civil rights action pursuant to 42 U.S.C. §1983 for Defendants' violation of the rights of Leon Scott while he was an inmate at Butts County Jail. While incarcerated, Defendants and other Butts County Jail personnel were aware of threats to Mr. Scott's safety. The threats arose due to his

testimony in federal criminal proceedings. Defendants knew of the threats to Mr. Scott's safety and had known about the threats since April 2022 and responded to the threats with deliberate indifference by breaching their ministerial duties of properly reporting the threats; refusing to place him in administrative segregation, as required by Georgia law. Following Defendants' denials of Mr. Scott's multiple requests to be moved due to threats to his safety, on May 10, 2022, Mr. Scott was found hanging in his cell with a bed sheet wrapped around his neck and his hands bound together with knotted socks.

### The Parties, Jurisdiction and Venue

2.  Plaintiff Jacqueline Redmond is the mother of Leon Scott and the putative administrator of his estate.

3.  Plaintiff Redmond is a citizen and resident of Tennessee.

4.  Plaintiff Jennifer Thomas is the natural mother of the only surviving heir of Mr. Scott, AT, a minor.

5.  Plaintiff Thomas is a citizen and resident of Tennessee.

6.  Defendant Anthony Dupree is a citizen and resident of Butts County, Georgia.

7.  Defendant Dupree is subject to the jurisdiction of this Court.

8.  Defendant Dupree is sued in his individual capacity only.

9.   Defendant Christian Makali Turner is a citizen and resident of Butts County, Georgia.

10. Defendant Turner is subject to the jurisdiction of this Court.

11. Defendant Turner is sued in his individual capacity only.

12. Defendant Gary Long is a citizen and resident of Butts County, Georgia.

13. Defendant Long is subject to the jurisdiction of this Court.

14. Defendant Long is sued in his individual capacity only.

15. Defendant Joseph Shawn Southerland is a citizen and resident of Butts County, Georgia.

16. Defendant Southerland is subject to the jurisdiction of this Court.

17. Defendant Southerland is sued in his individual capacity only.

18. Defendant Terry L. Smith is a citizen and resident of Butts County, Georgia.

19. Defendant Smith is subject to the jurisdiction of this Court.

20. Defendant Smith is sued in his individual capacity only.

21. Defendant Sgt. (FNU) Francis[1], upon information and belief, is a citizen and resident of Georgia.

22. Defendant Francis is subject to the jurisdiction of this Court.

23. Defendant Francis is sued in his individual capacity only.

---

[1] At this time, Defendant Francis's first name is unknown as he appears in the incident report simply as day shift Sgt. Francis. Once determined, Plaintiff will amend appropriately.

24. This Court has subject matter jurisdiction over this action pursuant to 42 U.S.C. § 1983 as Defendants acted under color of state law and caused Plaintiff, a citizen of the United States, to be subjected to the deprivation of the rights, privileges and immunities afforded her by the Constitution and laws of the United States.

25. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1367 as this case is a civil action arising under the Constitution of the United States, as permitted by 42 U.S.C. § 1983 and the application of the United States Constitution to the states and their subdivisions through the Fourteenth Amendment to the United States Constitution.

26. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendants reside in this District and are subject to the personal jurisdiction of this District.

27. Venue also is proper in this Court because the events giving rise to this lawsuit occurred in this District.

**Facts**

28. On May 10, 2022, and for a period of at least three (3) months before then, Leon Scott ("Scott") was held at Butts County jail for the United States government, first as a pretrial detainee and then as an inmate.

29. On May 10, 2022, and for a period of time before then, Defendant Dupree was a jailer at Butts County jail.

30. As a jailer, Defendant Dupree had duties and responsibilities to inmates at Butts County jail, including to Scott.

31. Many of Defendant Dupree's duties/responsibilities at Butts County jail were ministerial duties.

32. Defendant Dupree had no discretion regarding ministerial duties.

33. On May 10, 2022, and for a period of time before then, Defendant Turner was a jailer at Butts County jail.

34. As a jailer, Defendant Turner had duties and responsibilities to inmates at Butts County jail, including to Scott.

35. Many of Defendant Turner's duties/responsibilities at Butts County jail were ministerial duties.

36. Defendant Turner had no discretion regarding ministerial duties.

37.

38. On May 10, 2022, and for a period of time before then, Defendant Smith was a jailer at Butts County jail.

39. As a jailer, Defendant Smith had duties and responsibilities to inmates at Butts County jail, including to Scott.

40. Many of Defendant Smith's duties/responsibilities at Butts County jail were ministerial duties.

41. On May 10, 2022, and for a period of time before then, Defendant Francis was a jailer and shift sergeant at Butts County jail.

42. As a jailer and shift sergeant, Defendant Francis had duties and responsibilities to inmates at Butts County jail, including to Scott.

43. Many of Defendant Francis's duties/responsibilities at Butts County jail were ministerial duties.

44. At all times material to this action, including but not limited to May 10, 2022, Defendants were acting under the color of state law.

45. On May 10, 2022, and for a period of time before then, Defendant Southerland, as chief jail administrator, was responsible for establishing policies and procedures of the Butts County jail and for supervising the jailers, including Defendants Dupree, Turner and Smith, to make sure that the officers carried out those policies and did not, under color of state law, deprive individuals of the rights, privileges and immunities afforded by the Constitution and laws of the United States.

46. Butts County jail houses inmates for the federal government, including those who are awaiting trial or sentencing.

47. On May 10, 2022, Scott was a federal inmate housed at Butts County jail while awaiting sentencing.

48. Butts County jail officials, including Defendants Long and Southerland, housed federal inmates/detainees together in the same or adjacent blocks.

49. Butts County jail officials, including Defendants Long and Southerland, allow inmates/detainees who are co-defendants in federal criminal cases to be housed in the same or adjacent blocks.

50. Scott's federal case, brought against him pursuant to a sealed indictment, included at least five (5) defendants in addition to Scott.

51. On August 2 and 3, 2021, Scott testified at trial for the federal government against a co-defendant.

52. On August 6, 2021, the co-defendant against whom Scott testified was convicted of crimes of violence.

53. Though Scott had not gone to trial, he was scheduled for a sentencing hearing on July 28, 2022.

54. Documents regarding the status of any plea by Scott were, and remain, under seal.

55. During the day of May 9, 2022, and in the weeks preceding then, Scott told Defendant Francis that his life was in danger and that he needed to be either placed in administrative segregation or moved to another location because of those dangers.

56. At approximately 2300 hours on May 9, 2022, Scott told Defendants Dupree and Smith that he needed to be moved because he had received death threats.

57. At approximately 2300 hours on May 9, 2022, Scott told Defendants Dupree and Smith that he needed to be moved because he had received death threats.

58. Scott explained to Defendants Dupree and Smith that his life was in danger because of his testimony in the federal criminal case for which he was being held.

59. Scott began making requests to Defendant Francis to be placed in administrative segregation or other blocks for his safety in April 2022.

60. Each time Scott made the request to be moved into administrative segregation or other blocks, he explained to the jailers that his life was in danger because of his testimony in the federal criminal case.

61. In April 2022, Scott flooded his cell in order to get the attention of Butts County jail personnel, including Defendants with the hope that it would motivate them to place him in administrative segregation or some other environment.

62. Instead of placing Scott in administrative segregation or otherwise taking steps to ensure his safety from the death threats, Defendants moved Scott to the medical hall for observation before returning him to the federal general population.

63. On May 10, 2022, at approximately 0100 hours, Defendants Dupree and Smith found Scott in his cell hanging with a bed sheet around his neck and his hands tied together with socks.

64. Scott died on May 10, 2022.

65. Defendants, in the operation of Butts County jail, were required to follow standard operating policies and procedures ("SOPs") applicable to the operation of detention facilities.

66. SOPs required jail personnel, including Defendants, to report threats of violence made against inmates.

67. The requirement that Butts County jail personnel, including Defendants, report threats of violence made against inmates is a ministerial duty.

68. SOPs required jail personnel, including Defendants, to relay any threats of violence against inmates, and the accompanying reports, to supervisors, such as Defendants Long and Southerland.

69. The requirement that Butts County jail personnel, including Defendants, relay any threats of violence against inmates, and the accompanying reports, to supervisors is a ministerial duty.

70. SOPs require that jail personnel, including Defendants, investigate threats of violence made against inmates.

71. The requirement that Butts County jail personnel, including Defendants, investigate threats of violence made against inmates is a ministerial duty.

72. Inmates, such as Scott, who testify against co-defendants in criminal cases are susceptible to violence by other inmates, including but not limited to their co-defendants.

73. It is common knowledge among law enforcement officers and jail personnel, including Defendants, that inmates who testify against co-defendants in criminal cases are subject to violence from other inmates.

74. Butts County SOPs require the reclassification and moving of an inmate who may be targeted for physical assault.

75. The requirement that Butts County jail personnel, including Defendants, reclassify and move an inmate who may be targeted for physical assault is a ministerial duty.

76. Georgia regulations required Defendants Long and Southerland to be responsible for the care, secure detention and control of all inmates at Butts County jail, including Scott.

77. Georgia regulations require that to protect an individual inmate from harm, Butts County jail personnel, including Defendants Long and Southerland, place the inmate subject to harm in administrative segregation.

## Count One – Violation of 42 U.S.C. § 1983
## by Defendants Dupree, Turner, Smith and Francis

78. Defendants Dupree, Turner, Smith and Francis had knowledge of the threats of violence against Scott because he told each of them about the threats.

79. Defendants Dupree, Turner, Smith and Francis, as Butts County jail employees subject to applicable SOPs and Georgia regulations, had the ministerial duties to properly report and document threats of violence against Scott.

80. Defendants Dupree, Turner and Smith did not have the discretion to fail to properly report and document threats of violence against Scott.

81. Despite being told several times of threats against Scott, including the flooding of his cell to get their attention, Defendants Dupree, Turner, Smith and Francis failed to carry out their ministerial duty to properly report and document the threats of violence against Scott.

82. Defendants Dupree, Turner, Smith and Francis, as Butts County jail employees subject to applicable SOPs and Georgia regulations, had the ministerial duties to protect Scott from threats that arose while he was incarcerated at Butts County jail, including threats that arose because of Scott's testimony for the federal government.

83. Defendants Dupree, Turner, Smith and Francis did not have the discretion to fail to take any action in an effort to protect Scott from threats that arose while he

was incarcerated at Butts County jail, especially threats that these Defendants were aware of.

84. Despite being told several times of threats against Scott, including the flooding of his cell to get their attention, Defendants Dupree, Turner, Smith and Francis did not carry out their ministerial duty of protecting Scott from threats, including those threats that these Defendants were aware of, and instead did nothing at all.

85. Defendants Dupree, Turner, Smith and Francis all breached their ministerial duties when they did not adhere to the SOPs in failing to report and document threats of violence against Scott.

86. Defendants Dupree, Turner, Smith and Francis all breached their ministerial duties when they did not adhere to the SOPs in failing to protect Scott from threats that arose while he was incarcerated at Butts County jail, including threats that these Defendants had knowledge of.

87. The acts/omissions of Defendants Dupree, Turner, Smith and Francis all were breaches of ministerial duties which these Defendants did not have any authority to disregard, fail to fulfill or exercise discretion regarding completing.

88. The acts/omissions of Defendants Dupree, Turner, Smith and Francis all were breaches of ministerial duties which these Defendants did not have any authority to disregard, fail to fulfill or exercise discretion regarding completing resulted in

Scott suffering cruel and unusual punishment in violation of the Fourth, Eighth and Fourteenth Amendments to the United States Constitution.

89. The acts/omissions of Defendants Dupree, Turner, Smith and Francis all were breaches of ministerial duties which these Defendants did not have any authority to disregard, fail to fulfill or exercise discretion regarding completing resulted in Scott being deprived both substantive and procedural due process, in violation of the Fifth and Fourteenth Amendments to the United States Constitution.

90. These breaches of ministerial duties by Defendants Dupree, Turner, Smith and Francis proximately caused Scott's injuries and death as these Defendants ignored known threats of violence against Scott and took no action whatsoever with regard to those ministerial duties.

### Count Two – Defendants Long and Southerland's Supervisory Liability

91. At all times material to this Complaint, Defendants Long and Southerland were acting under color of law.

### Defendant Long

92. Since January 2013, Defendant Long is and has been the duly elected Sheriff of Butts County, Georgia.

93. As Butts County Sheriff, Defendant Long was responsible for the safe operation of Butts County jail.

94. As Butts County Sheriff, Defendant Long was responsible for operating the Butts County jail in compliance with the United States Constitution including the Fourth, Eighth and Fourteenth Amendments.

95. As Butts County Sheriff, Defendant Long had the duty to establish policies and procedures consistent with SOPs applicable to detention centers.

96. As Butts County Sheriff, Defendant Long had the duty to execute policies and procedures consistent with SOPs applicable to detention centers.

97. As Butts County Sheriff, Defendant Long had the duty to ensure the jail staff executed policies and procedures that would protect inmates, such as Scott, from known harm.

98. As Butts County Sheriff, Defendant Long had the duty to implement a policy that required that all threats of violence towards an inmate be reported up the chain of command so that threats could be addressed and neutralized.

99. Prior to May 10, 2022, Defendant Long failed to implement a policy that required that all threats of violence towards an inmate be reported up the chain of command so that threats could be addressed and neutralized.

100. As Butts County Sheriff, Defendant Long had the duty to implement a policy that required jail personnel to create written reports of threats of violence towards an inmate to be communicated throughout the jail staff and command center so that the threats could be addressed and neutralized.

101.    Prior to May 10, 2022, Defendant Long failed to implement a policy that required jail personnel to create written reports of threats of violence towards an inmate to be communicated throughout the jail staff and command center so that the threats could be addressed and neutralized.

102.    As Butts County Sheriff, Defendant Long had the duty to implement a policy that required jail personnel to investigate threats of violence towards an inmate so that the threats could be addressed and neutralized.

103.    Prior to May 10, 2022, Defendant Long failed to implement a policy that required jail personnel to investigate threats of violence towards an inmate so that the threats could be addressed and neutralized.

104.    Defendant Long's failure to implement policies consistent with SOPs applicable to detention centers proximately caused Scott's injuries and death.

105.    Prior to May 10, 2022, Defendants Long had the duty to ensure that jail staff, including Defendants carried out policies designed to protect inmates from known risks of harm[2].

106.    Prior to May 10, 2022, Defendant Long failed to ensure that the Butts County jail staff, including Defendants, reported threats of violence against

---

[2] Plaintiff pleads this and the following four (4) paragraphs in the alternative, in the event Defendant Long had established policies.

inmates up the chain of command so that the threats could be addressed and
neutralized.

107.   Prior to May 10, 2022, Defendant Long failed to ensure that the Butts
County jail staff, including Defendants, create written reports of threats of
violence against inmates up the chain of command so that the threats could be
addressed and neutralized.

108.   Prior to May 10, 2022, Defendant Long failed to ensure that the Butts
County jail staff, including Defendants, investigated reported threats of violence
against inmates up the chain of command so that the threats could be addressed
and neutralized.

109.   In failing to implement policies that would protect inmates from known
threats of harm, Defendant Long acted with deliberate indifference.

110.   In failing to execute policies that would protect inmates from known threats
of harm, Defendant Long acted with deliberate indifference.

111.   The acts/omissions of Defendant Long in failing to implement policies
resulted in Scott suffering cruel and unusual punishment in violation of the
Fourth, Eighth and Fourteenth Amendments to the United States Constitution

112.   The acts/omissions of Defendant Long in failing to implement policies
resulted in Scott being deprived both substantive and procedural due process, in

violation of the Fifth and Fourteenth Amendments to the United States Constitution.

113.   The acts/omissions of Defendant Long to fail to execute policies resulted in Scott suffering cruel and unusual punishment in violation of the Fourth, Eighth and Fourteenth Amendments to the United States Constitution.

114.   The acts/omissions of Defendant Long to fail to execute policies resulted in Scott being deprived both substantive and procedural due process, in violation of the Fifth and Fourteenth Amendments to the United States Constitution.

### Defendant Southerland

115.   As Butts County jail administrator, Defendant Southerland was responsible for the safe operation of Butts County jail.

116.   As Butts County jail administrator, Defendant Southerland was responsible for operating the Butts County jail in compliance with the United States Constitution including the Fourth, Eighth and Fourteenth Amendments.

117.    As Butts County jail administrator, Defendant Southerland had the duty to execute policies and procedures consistent with SOPs applicable to detention centers.

118.   On May 10, 2022, and for a period of time before then, Defendant Southerland failed to execute policies and procedures consistent with SOPs applicable to detention centers.

119.   As Butts County jail administrator, Defendant Southerland had the duty to ensure the jail staff he supervised executed policies and procedures that would protect inmates, such as Scott, from known harm.

120.   On May 10, 2022, and for a period of time before then, Defendant Southerland failed to supervise the jail staff to ensure that the jail staff carried out policies and procedures that would protect inmates, such as Scott, from known harm.

121.   As Butts County jail administrator, Defendant Southerland had the duty to execute a policy that required that all threats of violence towards an inmate be reported up the chain of command so that threats could be addressed and neutralized.

122.   As Butts County jail administrator, Defendant Southerland had the duty to supervise jail staff so that that all threats of violence towards an inmate would be reported up the chain of command so that threats could be addressed and neutralized.

123.   On May 10, 2022, and prior to then, Defendant Southerland failed to supervise jail staff so that report threats of violence towards an inmate were reported up the chain of command so that threats could be addressed and neutralized.

124.  As Butts County jail administrator, Defendant Southerland had the duty to supervise jail staff to ensure that they created written reports of threats of violence towards an inmate to be communicated throughout the jail staff and command center so that the threats could be addressed and neutralized.

125.  Prior to May 10, 2022, Defendant Southerland failed to execute a policy that required jail personnel to create written reports of threats of violence towards an inmate to be communicated throughout the jail staff and command center so that the threats could be addressed and neutralized.

126.  Prior to May 10, 2022, Defendant Southerland failed to supervise jail personnel to ensure they created written reports of threats of violence towards an inmate so that those reports could be communicated throughout the jail staff and command center and the threats could be addressed and neutralized.

127.  As Butts County jail administrator, Defendant Southerland had the duty to execute a policy that required jail personnel to investigate threats of violence towards an inmate so that the threats could be addressed and neutralized.

128.  As Butts County jail administrator, Defendant Southerland had the duty to supervise jail personnel to ensure that they investigated threats of violence towards an inmate so that the threats could be addressed and neutralized.

129.   Prior to May 10, 2022, Defendant Southerland failed to execute a policy that required jail personnel to investigate threats of violence towards an inmate so that the threats could be addressed and neutralized.

130.   Prior to May 10, 2022, Defendant Southerland failed to supervise jail personnel to ensure they investigated threats of violence towards an inmate so that the threats could be addressed and neutralized.

131.   In failing to execute policies that would protect inmates from known threats of harm, Defendant Southerland acted with deliberate indifference.

132.   In failing to supervise jail personnel to ensure that they carried out ministerial duties that would protect inmates from known threats of harm, Defendant Long acted with deliberate indifference.

133.   Defendant Southerland's failure to execute policies proximately caused Scott's injuries and death.

134.   Defendant Southerland's failure to supervise jail personnel, including other named Defendants, proximately caused Scott's injuries and death.

135.   The acts/omissions of Defendant Southerland to fail to execute policies resulted in Scott suffering cruel and unusual punishment in violation of the Fourth, Eighth and Fourteenth Amendments to the United States Constitution.

136.   The acts/omissions of Defendant Southerland in failing to supervise jail personnel resulted in Scott being deprived both substantive and procedural due

process, in violation of the Fifth and Fourteenth Amendments to the United States Constitution.

**WHEREFORE**, Plaintiffs pray as follows:

A. That all allowable special and general damages be awarded to Plaintiff in an amount shown by the evidence and determined by the enlightened conscious of the jury;

B. That punitive damages be awarded against Defendants Scuderi and Greene in an amount to be determined by the enlightened conscious of the jury to deter Defendants and others from similar misconduct in the future;

C. That a trial by jury be had on all issues permitted;

D. That attorneys' fees and expenses of litigation be awarded as authorized under the law;

E. Such other further equitable or monetary relief as the Court deems just and proper.

Dated:      May 9, 2024.

HALL & LAMPROS, LLP

/s/ Andrew Lampros
Andrew Lampros
Ga. Bar #432328

300 Galleria Pkwy SE
Suite 300
Atlanta, GA 30339
Tel.: (404) 876-8100
Fax: (404) 876-3477

alampros@hallandlampros.com

*Attorneys for Plaintiffs*